UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICKY ASHLEY                                                                PETITIONER
ADC # 099718
v.                                    No. 4:19-cv-00624-SWW-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                                             RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.   BACKGROUND

Pending before the Court is a § 2254 habeas Petition and Amended Petition filed by Petitioner Ricky Ashley ("Ashley"), who is incarcerated at the Arkansas Department of Correction's Maximum Security Unit.[1]

---

[1] *See* https://apps.ark.org/inmate_info/index.php.  The ADC website spells Ashley's first name, "Rickey" instead of "Ricky."

1

On September 6, 2019, Ashley filed a one-page document requesting habeas relief, which was treated as a § 2254 Petition. *Doc. 1*. On October 7, 2019, Ashley filed an Amended Petition. *Doc. 10*. Ashley raises four challenges to his probation revocation and the resulting 180-month sentence imposed by the Circuit Court of Saline County, Arkansas, in *State v. Ashley*, No. 63CR-2018-578 (hereinafter, "the state court case"):[2] (1) He was subjected to "double jeopardy" because he was coerced into entering guilty pleas; (2) The State's evidence was insufficient to support the revocation of his probation; (3) The trial judge erred when he failed to recuse; and (4) His due process and equal protection rights were violated based on his race. *Doc. 10*.[3]

On November 18, 2019, Respondent filed a Motion to Dismiss contending that, because Ashley is still in the process of exhausting his available state court remedies, this § 2254 action must be dismissed. *Doc. 19*.

On November 25, 2019, Ashley filed a Reply to Respondent's Motion. *Doc. 24*. On December 13, 2019, Ashley filed a Brief in Support of his Reply. *Doc. 27*. Ashley contends that continuing to pursue his direct appeal of his Saline

---

[2]Respondent's reference to the case as No. 63CR-*2019*-578 is a typographical error. Contrary to Ashley's suggestion, Respondent is *not* referring to a different case.

[3]In addition to release from incarceration, Ashley requests "compensation." *Doc. 10 at 13*. Money damages are not available in a habeas action. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

2

County Circuit Court probation revocation is "futile" because his efforts to appeal have not been recognized by the state courts. However, the Saline County Circuit Court records flatly contradicts Ashley's argument.

For the reasons explained below, the Court recommends that Ashley's habeas Petitions be dismissed, without prejudice, so that he can exhaust his still available state appellate court remedies.

## II. DISCUSSION

A federal habeas petitioner is required to exhaust all available avenues of relief in the state court *before* the federal courts consider his claim for federal habeas relief. 28 U.S.C. § 2254(b) & (c). State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).

Compliance with the exhaustion requirement may be excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). State prisoners must "give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan* v. *Boerckel*, 526 U.S. 833, 845 (1999). Thus, before seeking federal habeas relief for any alleged violations of his federal constitutional rights, Ashley must raise those claims before the state appellate court, so it has an opportunity to resolve them.

Ashley acknowledges that he in fact "appealed" Circuit Judge Gary Arnold's decision revoking his probation and sentencing him to 15 years in the ADC. *Doc. 10 at 12*. The docket sheet in *State v. Ashley*, Case No. 63CR-18-578 confirms that Ashley filed two Notices of Appeal in the state court case: one on July 11, 2019 to the Arkansas Supreme Court; and another on July 23, 2019 to the Arkansas Court of Appeals. *Doc. 20-1 at 5 (copy of docket sheet).*[4]

The docket also shows that, on October 2, 2019, Judge Arnold entered an Order, on the court reporter's motion, extending the deadline for lodging the record on appeal to *January 11, 2020. See Doc. 20-3* (copy of Order). Thus, Ashley still a viable appellate remedy that he must pursue to final conclusion in the state appellate court.[5] Accordingly, Ashley's argument that it would be futile to make

---

[4]The docket for Ashley's criminal case can be reviewed using the state court's website, https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_main.cp_main_idx. The Court has reviewed the official record of these documents on the Arkansas courts' website.

[5]In a letter dated December 5, 2019, the Arkansas Supreme Court's criminal justice coordinator advised Ashley that in order to appeal he must file his notice of appeal with the circuit

4

any further effort to exhaust his state court remedies is factually unsupported based on the record in the state court case.

Only *after* exhausting his available state court remedies can Ashley properly initiate a federal habeas action.

### III.  CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Respondent Dexter Payne's Motion to Dismiss, *Doc. 19*, be GRANTED; and

2. Petitioner Ricky Ashley's Petition and Amended Petition for Habeas Relief, *Docs. 1 & 10*, be DISMISSED WITHOUT PREJUDICE.

3. Petitioner Ricky Ashley's Motion for Entry of Default Judgment, *Doc. 28*, and Motion for Recusal,[6] *Doc. 29*, be DENIED.

---

court and then "tender the certified appeal record . . . to the Clerk of the Supreme Court in a timely manner." *Doc. 27 at 2*.  Ashley has attached this letter to his brief.

Ashley should understand that it is *his duty*, and his alone, to perfect his appeal in either the Arkansas Court of Appeals or the Arkansas Supreme Court.  *See Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990) (per curiam) (responsibility to timely lodge record belongs to appellant, even if *pro se*, indigent and incarcerated).

[6] Ashley supports his recusal motion with the conclusory assertion that both judges assigned to his case "have personal involvement within the issues of this case and are Ashley's enemies." *Doc. 29*.  However, he offers no facts to support his assertion.  The undersigned's only knowledge of the issues before it comes from the pleadings filed in this case and the public record of Ashley's state court case giving rise to his habeas petition.

4.      A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253; Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 23rd day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE